**GREEN, Plaintiff-Appellant, v. HENDERSON, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3728.    Decided October 11, 1944.

MONTGOMERY, J., of the Fifth Appellate District sitting by designation in place of Barnes, P. J.

L. P. Henderson, Columbus, for plaintiff-appellant.
Francis M. Thompson, Columbus, for defendant-appellee.

**OPINION**

BY THE COURT:

This is the second appearance of this case before this Court. It is now heard on appeal on law from the second trial on the issues before the Court of Common Pleas.

On the first trial the Court below on July 19, 1941, found in favor of the defendant. From that judgment an appeal was taken to this Court and on March 19, 1943, the judgment of the Court of Common Pleas was reversed, this Court stating in its final entry, "The finding and judgment of the Court is hereby reversed as being against the manifest weight of the evidence and cause remanded for new trial", and the cause was remanded to the Court below for a new trial.

On May 20, 1943, Robert Green, the plaintiff-appellant, filed his third amended petition; on June 14, 1943, defendant-appellee filed her amended answer and cross-petition. To this pleading numerous exhibits were attached. On February 11, 1944, the plaintiff filed a reply denying the allegations of the answer and cross-petition of the defendant. The Court of Common Pleas on March 30, 1944, decreed that the title of the real estate in question was in the defendant and ordered that such title be quieted as against the plaintiff and the Court further found generally for the defendant on the issues made in the amended pleadings. On March 31, 1944, notice of appeal on law and fact from the judgment of the Court was filed by the plaintiff-appellant. The defendant below filed a motion to dismiss the appeal on the ground that no bond had been filed, but it was by this Court ordered that the cause proceed on questions of law.

On the appeal from the first order of the Court this Court reversed the finding of the Court below. In the trial of the first appeal two errors were assigned, the first, that the finding and judgment was against the manifest weight of the evidence and unsupported thereby; and, second, that it is contrary to law. The Judge delivering the opinion of the Court recited the issues as then made and it will not be necessary for us to detail these further so far as they related to the first trial. This Court stated in its opinion,

"An examination of this record is convincing that much helpful testimony could be forthcoming if a determined effort was made to produce it. If this case is tried again every effort should be made to give the jury, or if the jury is waived,

the trial court, a full and complete picture of the transaction between the plaintiff and defendant."

"We hold that the finding and judgment of the trial court should be reversed as being against the manifest weight of the evidence upon the question of the validity of the deed, plaintiff's Exhibit 1."

After the case was remanded the plaintiff filed a third amended petition, the substance of which is the allegation by the plaintiff that he has a legal right to the title and is entitled to the immediate possession of the real estate described. He asserts facts from which he claims that a very close confidential and fiduciary relationship is established between him and Charles A. Henderson, now deceased, through whom the present defendant claims title as his widow.

Plaintiff asserts that he is a man far advanced in age and of little or no education and that he depended wholly upon Charles A. Henderson and his wife for his guidance in business matters and that he acquired title to the lots mentioned in Exhibit 1 through the assistance and guidance of Charles A. Henderson; that in 1933 said Henderson requested him to sign a paper purporting to be a deed for lot No. 19 in Burnside Heights Addition, which signature Henderson represented to be necessary in order to straighten up some matters which he claimed he did not then have time to explain; that after the death of Henderson he discovered that the paper he signed was a deed to lot No. 19 which he alleges Henderson obtained by misrepresentation and that in addition to said lot 19 said Henderson had unlawfully and fraudulently caused to be interlined upon said deed the addition of certain other lots which he enumerates.

Plaintiff further alleges that in October, 1940, he discovered that said Henderson had unlawfully caused his name to be forged upon certain other paper writing purporting to be a deed conveying to said Henderson certain other lots; that said last conveyance was without the consent or knowledge of the plaintiff; that all of said conveyances were without consideration. He prays that the deeds be declared void and expunged from the record.

The defendant, Rena Henderson Kellogg, for her amended answer and cross-petition asserts that Charles A. Henderson, now deceased, was a money lender and that he loaned money to the plaintiff, Robert Green, which money was used to improve the lots in Burnside Heights Addition; that while such development was taking place Henderson advised plaintiff in business

matters, but the defendant denies that his actions did constitute a fiduciary relationship.

It is further asserted that prior to May 1, 1933, plaintiff, Robert Green, became involved financially until on said date he was indebted in large sums to various creditors and that he owed the defendant Henderson for borrowed money and for expenditures made by Henderson in promoting the building project and for paying taxes, about the sum of $11,000.00; that to pay this indebtedness to Henderson, Green made the deeds and conveyed to Henderson the real estate in controversy. It is also asserted that Green entered into a land contract with Henderson for the repurchase of lot 25, the most valuable of all the lots enumerated, which contract was abandoned by Robert Green, after which all payments on lot 25, either on contract or as rent, were discontinued.

Defendant also recites certain other transactions by Green in reference to real estate which she claims to establish the fact that the conveyance made by Green was in payment of obligations to Henderson. She prays that her title to the property be quieted but that in the event this relief is not granted, that the conveyances be considered contracts to convey, and that plaintiff be required to convey said real estate to her and that any equity of redemption of said Green be foreclosed.

A reply was filed by Green denying the allegations of the answer and cross-petition and it is also claimed that certain allegations of said answer and cross-petition are not proper defenses to the cause of action set out in the petition.

Upon the second trial of the matter before the Court below, 72 exhibits were offered and by stipulation, agreed to be part of the bill of exceptions although not attached thereto.

On March 30th the Court below entered final judgment holding that the title and possession of the defendant be quieted against plaintiff.

The assignments of errors in the last trial were that the judgment of the Court is contrary to law and against the weight of the evidence; that error was committed in the overruling of the motion for a new trial and for judgment notwithstanding the former judgment; that the Court erred in the admission of evidence prejudicial to the plaintiff and for other errors.

The evidence in this case was conflicting and in a measure unsatisfactory, but the Court cannot arrive at the conclusion that the allegations of the plaintiff were proven by clear and convincing evidence.

In spite of our decision upon the first appeal we have upon

the present appeal arrived at the conclusion that no error was committed by the Court below. The judgment of that Court will be affirmed in all particulars.

Sec. 11577 GC, provides that the same Court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same Court grant more than one judgment of reversal on the weight of the evidence against the same parties in the same cause. We have once granted a new trial on the ground that the former hearing and judgment in the Court of Common Pleas should be reversed on the ground that it was manifestly against the weight of the evidence and we do not believe that we have the right to again reverse the judgment of the Court below, on this ground. McMurtrie v Traction Co., 107 Oh St 107; Rolf v Heil, 113 Oh St 113.

This case has involved the presentation and consideration of many exhibits and much conflict of testimony. We have carefully examined the exhibits especially to determine whether or not the signature of Robert Green was forged on Exhibit No. 2 as claimed by the plaintiff. While there are several differences between the signature on that document and his signature on other documents which are admitted to be genuine, they are not such as would convince the Court that his signature was a forgery. It would require the work of a very skilled penman to so nearly show the characteristics of his genuine signature as appears on this disputed signature. There are certain small differences which might be magnified to support a claim that the signature was a forgery. Even Mr. Green in his testimony does not make any very positive assertions that the signature is as a matter of fact a forgery. He admits that it may have been his signature but still asserts that it is not rather through lapse of memory incident not only to his advanced years, but to many transactions that existed between these two parties. As to the discrepancy in the signature on the disputed instrument with those admitted to be genuine, it is a matter of common knowledge that signatures of even skilful penmen may differ from many causes, among which might be mentioned the character of the pen being used, the position occupied by the penman and probably most of all the changing of the signature that may result from advancing years or muscular defects of the arm and fingers, and the care exercised at time of signing. The truth of the matter as it appears to the Court is that these two persons over a long course of years held frequent business transactions not amounting to such as would give to Hender-

son a dominance over the transaction of the plaintiff, but sufficient to give rise to lapses and confusions of memory, both of the plaintiff and the several witnesses to the document which are sought to be made the basis of the final discarding of the document.

A more puzzling situation arises from the fact that in one of the deeds there appears to have been an addition of lot numbers, but there is nothing in the evidence that would require us to say that these additions were not made to the document before its final execution and delivery. From the transactions between the two parties it might well have been that as the hopeless financial condition of the plaintiff became apparent and the small value of the lots in comparison to the debt owed by Green to Henderson became evident, that lots were added after the original drafting of the document, but before its final execution and delivery.

We arrive at the conclusion that the evidence of the plaintiff is far short of that which would be regarded as clear and convincing. The plaintiff largely relied upon the claim that the decision of the Court was against the weight of the evidence. Even though we might still be inclined to so view the case, we believe that §11577 GC, disposes of that ground for reversal as above explained, and no other grounds are sustained.

The judgment of the Court below is sustained in every particular. An entry may be so drawn.

HORNBECK, GEIGER and MONTGOMERY, JJ., concur.

## ON APPLICATION FOR REHEARING

Decided January 11, 1945.

BY THE COURT:

This matter comes on for consideration upon the application of the plaintiff-appellant for rehearing on the grounds enumerated in said application. We have carefully considered the application and those matters to which it calls our attention, and it is our judgment that our opinion as heretofore rendered under date of October 11, 1944, is correct. and the application for rehearing is denied.

HORNBECK, GEIGER, and MONTGOMERY, JJ., concur.